Ruffin, C. J.
 

 The writ was commenced by warrant to recover the penalty of $100, given by the Revised Statute, ch. 34, sec. 75, for selling spirituous liquors to a slave. It was submitted to the Court upon a case agreed, in which the facts charged were admitted, and the only objection taken to the recovery was, that the act does not give the informer an action. His Honor held, that it did ; and from a judgment against him the defendant appealed.
 

 The opinion of the Court is, that the judgment was right. The act gives the penalty, “to be recovered by warrant before any justice of the peace, and applied, one half to the use of the party suing for the same, and the other half to the use of the wardens of the poor of the County.” The single question is, in whose name the suit is to be brought; and it seems difficult to imagine a clearer direction, that it is to be in the name of any person who will bring the suit — “the party suing for the same.’ It is true, that an informer has no right, at com
 
 *400
 
 mon laws to an action for a penalty ; and therefore he cannot bring an action unless the statute give it to him. It is so laid down in
 
 Fleming qui tam
 
 v.
 
 Bailey, 5
 
 East 313 ; which was cited for the defendant not only for that position, but also for the further one, that such wmrds as are in our Statute are not sufficient to give the informer an action. But it is plainly
 
 not an
 
 authority
 
 to
 
 the latter point. The statute there sued on gave various penalties of different amounts, and enacted that any of them “ex~ ceeding £20 shall and may be recovered before a justice of the peace.” By a subsequent clause it was further enacted, that all the penalties, when recovered either by action in any Court or in a summary way before a justice “shall be applied, one moiety to the plaintiff in any such action, or the informer before any justice, and the other moiety to the King.” It was held, that an informer could not sue
 
 qui tam
 
 for any penalties of £20 or under ; because, although the act applied one moiety of them, “when recovered,” to the informer, yet it conferred on him no right to sue for those penalties, as it did in respeet of those exceeding £20. That, as it seems to us, was clearly right; since, when a statute prohibits a thing, as an offence to the public, under a penalty, no debt arises to a private person, unless the statute also gives the penalty or a part of it to him, who will sue for it, as laid down, long before the case cited, by Sergeant Hawkins.
 
 PI. G. Bit.
 
 2,
 
 Cl).
 
 25,
 
 Sec.
 
 17. The reason is, that the penalty for such public offence belongs to the sovereign as a debt, and is to be recovered by action in the name of the sovereign.
 
 Rex
 
 v.
 
 Malland,
 
 Str. 828. The case of
 
 Fleming
 
 v.
 
 Bailey
 
 is, then, an authority to this only, that applying a part of the penalty, after its recovery, to the benefit of an informer does not confer on him the power of suing for the penalty. In other words, that the term “informer” in the statute does not^er
 
 se
 
 imply, that in such a case he may be “the plaintiff” in an action for the recovery,
 
 *401
 
 but only the informer or prosecutor, as he is sometimes called. But the provision in this statute is not of that hind. It creates a penalty, “to be recovered by warrant, and applied one half to the use of the party suing for the same, and the other half to the wardens of the poor.” This recognises the right of action in some person. In whom? Why, “the person suing,” as plainly as it can be. Sergeant Hawkins, in the section already quoted, states, that when a statute gives a part of a penalty “to him who will sue for it,” he took it to be settled, that any one may bring an action and lay it
 
 tam pro domino rege quam pro seipso;
 
 thus using the very terms in which the act under consideration is expressed. There are, indeed, many acts, in which the like language is found, on which informers have sued in their own names. Both the English statute and our own against usury, for example, have the words, “the one moiety of which forfeitures to be to him that will sue for the same by action of debt, and the other,” &c. ; and we know that in both countries the action of debt in such cases is constantly brought in the name of the informer
 
 qui tam.
 
 Those words, “to .him, that will sue for the same” and “to the use of the party suing for the same,” not only determine the interest which the informer is to have in the penalty, but necessarily imply, if they do not expressly confer, his right of action
 
 qui tam.
 

 Per Curiam.
 

 Judgment affirmed.